NOT FOR PUBLICATION (Doc. No. 12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| DEONTA VERNELL ROBINSON : | |
| Plaintiff, : | Civil No. 11-06070 (RBK/KMW) |
| v. : | **OPINION** |
| NEW JERSEY STATE POLICE, et al., : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the unopposed motion of New Jersey State Trooper G.L. Austin ("Defendant Austin") for summary judgment on the complaint of Deonta Vernell Robinson ("Plaintiff"). Plaintiff initiated this action for money damages against Defendant Austin, the New Jersey State Police, and Troopers K. Sirakidas ("Trooper Sirakidas") and Sgt. R. May, Jr. ("Sgt. May") pursuant to 42 U.S.C. § 1983 (2006). Plaintiff alleges that Troopers Sirakidas and Sgt. May detained and unlawfully assaulted him and that Defendant Austin planted a gun. Plaintiff pled guilty to the charge of unlawful possession of a weapon in February, 2012 and his conviction has not been overturned. As such, Defendant Austin's motion for summary judgment is **GRANTED**.

**I. BACKGROUND**

Plaintiff is currently an inmate at the Camden County Correctional Facility. Compl., 4. On March 29, 2011 Plaintiff was arrested by Trooper Sirakidas at a home in Camden, New Jersey. Id. at 6. Plaintiff alleges that during his arrest Trooper Sirakidas struck him repeatedly in the

head with a gun.  Id.  He also alleges that Sgt. May punched and kicked him in his leg, ribs, and jaw.  Id.  As a result of these injuries, Plaintiff claims to have received medical treatment, including twenty-four stitches behind his left ear.  Id. at 5.  Plaintiff also claims that Defendant Austin planted a gun as the trooper searched him.  Id. at 4.  Plaintiff does not assert that Defendant Austin was involved in the alleged assault.

On February 17, 2012, Plaintiff pled guilty to the charge of unlawful possession of a weapon, which resulted from the March 2011 arrest.  Defs. Mot. Summ. J., Ex. B.  Plaintiff now files suit against Trooper Sirakidas, Sgt. May and Defendant Austin for the constitutional violations that he claims took place during the arrest.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 575 (D.N.J.2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions

[or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); see Fed.R.Civ.P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857–58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

### III. DISCUSSION

Defendant Austin argues that Plaintiff's §1983 claim against him for allegedly planting a weapon is barred because Plaintiff pled guilty to unlawful possession. In Heck v. Humphrey, the Supreme Court unanimously held that prisoners may not use §1983 to seek damages when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If a plaintiff's claim falls into this category, the plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Otherwise, the plaintiff's claim for damages is not cognizable under §1983 and the complaint must be dismissed. Id.

Plaintiff's only allegation against Defendant Austin appears to be that the trooper planted a gun that led to Plaintiff's unlawful arrest. Plaintiff pled guilty to the offense of unlawful possession of a weapon, however, which serves as a conviction and bars his §1983 claim for unlawful arrest. See Gilles v. Davis, 427 F.3d 197, 209 n.8 (3d Cir. 2005) (A guilty plea is sufficient to bar a subsequent §1983 claim). A judgment in favor of Plaintiff on this claim would completely erode the basis for his state court conviction, implying that the conviction was

invalid.  See Reid v. Schuster, 2008 U.S. Dist. LEXIS 22113 (Mar. 19, 2008) ("Plaintiff cannot sustain a Section 1983 false arrest claim based on the alleged planting of evidence").  Given that Plaintiff's conviction has not been overturned by any of the methods delineated in Heck, his claim against Defendant Austin must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant Austin's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**.  An accompanying Order shall issue today.


Dated: 11/27/12                                            /s/ Robert B. Kugler
                                                                                                  ROBERT B. KUGLER
                                                                                                  United States District Judge